## GRAY v. VALLEY.*

(Division A. Dec. 1, 1924.)

[101 So. 855. No. 24391.]

1. ATTACHMENT. *Whether defendant had concealed and unjustly refused to apply property to payment of debts held for jury.*

   In attachment, evidence of bank deposits in assumed name *held* sufficient for submission to jury of question of whether defendant had property which he had concealed and unjustly refused to apply to payment of debts.

2. ATTACHMENT., *Concealment of property ground of attachment, regardless of whether successful.*

   To sustain ground of attachment alleging concealment and refusal to apply property to payment of debts, it is only necessary to show that defendant concealed or was guilty of conduct which was intended to and calculated to conceal his property from creditors, regardless of whether attempted concealment was successful.

3. JUDGMENTS. *Three-year limitation for commencement of action on foreign judgment against judgment debtor, who was resident at time of institution of action, refers to action in which judgment was rendered.*

Code 1906 section 3104 (Hemingway's Code, section 2468), provid-
ing for commencement of action on foreign judgment within
three years, where judgment debtor "was, or shall be, at the
time of the commencement of the action, a resident of this state,"
refers to residence within state at time of institution of action
in which foreign judgment was rendered, not the action on such
foreign judgment.

*Headnotes 1. Attachment, 6 C. J., section 1138; 2. Attachment, 6
C. J., section 88 (1926 Anno); 3. Judgments, 34 C. J., section 1579.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Attachment suit by David P. Valley against D. E.
Gray, alias D. E. Griswold. Judgment for plaintiff and
defendant appeals. Affirmed.

*White & Ford* and *Mize & Mize,* for appellant.

The first error assignment is that the court erred in
refusing to give peremptory instruction for the appel-
lant on the attachment issue. The record further shows
no debt against him incurred in Mississippi, and that the
debt he had incurred was down in Florida over a horse
race and had been merged into a judgment in Florida;
and we do not think it is the law that where a debt in-
curred in another state on a fraudulent transaction is
merged in a judgment in that state and the defendant
has moved to another state, that the judgment aforesaid
can be certified to under the Acts of Congress and sent
to the state where the defendant is then a resident and
his property in the state where he is then a resident be
seized under writ of attachment.

We think that the appellee has no standing on the at-
tachment issue here, because the record shows that this
judgment against the appellant was secured in Florida
on a transaction of fraud in that state in a horse race.
*Griswold* v. *State,* 82 So. 44. In other words, Valley was
*in pari delicto* in the state of Florida, and, while it would

seem from the judgment that recovery can be had in the state of Florida for such a debt, and while we are aware of the rule that each state must give full faith and credit to the judgment of another state, yet, when it comes to the enforcement of our statute on attachment under such a judgment, we think this court has a right to say whether or not it will apply our attachment law to a judgment obtained in another state in a transaction which would be utterly void in this state.

The next error assigned is, that the court, on the trial of the debt issue, erred in sustaining appellee's demurrer to appellant's fourth plea. This assignment of error involves a construction of section 2468, Hemingway's Code. The construction of this section depends on the meaning of the words "of the action," between the words "at the time of the institution" and the words "a resident of this state." The wording of the statute is rather ambiguous, but we think its wording shows the "action" here under discussion to be the action on the foreign judgment and that if the defendant was a resident of Mississippi at the time "of the institution of the action" in Mississippi on the Florida judgment, and had been such resident for a period of three years continuously immediately prior to the institution of the action in Mississippi on the Florida judgment, then the action against appellant on said foreign judgment is barred by this statute.

This plea was drawn to obviate the objection to the plea in *Marks* v. *Logue,* 71 Miss. 905, which plea did not set up that, at the time of the institution of the action in Mississippi, the defendant was a resident citizen of Mississippi.

*L. W. Maples* and *W. M. Denny, Jr.,* for appellee.

The judgment rendered for appellee on the attachment issue was entirely proper, warranted by the law and the

facts of the case and was fairly and squarely submitted to determination by the jury. The verdict of the jury was and is warranted by the testimony submitted at the trial and same should not be disturbed.

The only other assignment of error is to the effect that the court erred in sustaining appellee's demurrer to appellant's fourth plea, and we submit that the action of court in sustaining said demurrer to said fourth plea, after the amendment thereof had been stricken therefrom, was entirely proper and the only course that could have been followed. *Marx* v. *Logue,* 71 Miss. 905; Sec. 2744, Code of 1892 (Sec. 3104, Code of 1906 and sec. 2468, Hemingway's Code), was intended to protect our citizens from actions on foreign judgments, though at the time of rendition the defendant may not have been a citizen of this state.

It is asserted in the brief filed herein for appellant that the right of action upon which judgment was rendered in Florida was based on a gambling transaction, but such allegation is without foundation of fact contained in the record. Griswold, alias Grey, alias Mason, etc., was convicted in Florida of having obtained money under false pretenses and sentenced to a term of six years in the Florida Penitentiary and is there now serving such sentence. It is nowhere testified that the judgment recovered by appellee herein against appellant in the state of Florida was based upon a gambling transaction. No plea of invalidity of such judgment was filed and there is nothing to warrant the counsel for appellant in assuming that there was any invalidity in said Florida judgment.

*White & Ford* and *Mize & Mize,* for appellant on suggestion of error.

The record shows that appellant did not conceal his person so that process of court could not reach him. He

made no attempt to conceal himself and this is the true test, as held by this court in this case, and also, in the case of *Collier* v. *Chamblee,* 101 So. 372; *Guile* v. *McNanny,* 100 Am. Dec. 244; 6 C. J., p. 69, sec. 4.

*L. W. Maples* and *W. M. Denny, Jr.,* for appellee on suggestion of error.

The record, including testimony herein quoted, shows that appellant had absconded from Florida to avoid a conviction of having obtained money from appellee under false pretenses and a sentence pursuant thereto for appellant to serve six years in Florida Penitentiary and some time thereafter came to Gulfport where he remained until arrested and returned to Florida to serve said sentence. All during the time after appellant had absconded from Florida until the sheriff of St. Lucie county located appellant at Gulfport, both the state of Florida and appellee were hunting and seeking appellant as D. E. Griswold, his true name and the only name by which appellant was known to those in Florida. Appellant had every cause to conceal himself and his property or rights in action if by so doing he could and did defraud appellee. It is shown in answer of Bank of Gulfport as garnishee that appellant had deposited in that bank to credit of "D. E. Gray" the sum of one thousand six hundred fifty-one dollars and ninety-four cents.

In the case of *Treadwell* v. *Lawlor,* 5 How. Pr. (N. Y.) 8, the supreme court of New York held that depositing money in another's name constituted actual concealment. In the same case above referred to, it was also held that money is property which may be concealed, and that title to the concealed property need not be in defendant. The case made out by this record fully complies with the requirements as laid down in 6 C. J., p. 68, sec. 4, that to constitute concealment within the meaning of attach-

ment statutes, it is necessary that there should be a physical hiding or secreting of property so that it cannot be seized to satisfy creditors. *Roach* v. *Brannon*, 57 Miss. 890, 498. The word "secrete," as used in the attachment acts, means to hide, to put where the officer of the law will not be able to find it. *Guäle* v. *McNanny*, 14 Minn. 520, 100 Am. Dec. 244. In the case of *Bauer Gro. Co.* v. *Smith*, 61 Mo. App. 665, 74 Mo. App. 419, it is held that allowing a liquidated mortgage to remain unsatisfied with a view to having it continue apparently a live instrument to cover new stock is concealment. 6 C. J., p. 69, sec. 4; *Lippincott* v. *Prendergast*, 2 Del. Co. (Pa.) 322.

ANDERSON, J., delivered the opinion of the court.

This is an attachment for debt sued out by appellee, David P. Valley, against appellant, D. E. Griswold. There was a trial resulting in a judgment for appellee on both the attachment and debt issues from which judgment appellant prosecutes this appeal.

The fifth ground in the statute (Hemingway's Code, section 125) was one of the grounds relied on by appellee. That ground is in this language: "That he has property or rights in action which he concealed, and unjustly refused to apply to the payment of his debts." The trial court refused appellant's request for a directed verdict, and the case was submitted to the jury on the attachment issue. A verdict was returned for appellee.

Appellant contends that there was not sufficient evidence to go to the jury on any of the grounds of attachment. On the former hearing of this cause appellee in his brief and argument gave the fifth ground of attachment very little consideration. Appellee's suggestion of error is devoted very largely to the proposition that there was sufficient evidence to sustain that ground of

attachment. We have reached the conclusion that appellee's contention is well founded. The evidence bearing on that ground of attachment is undisputed. It is substantially as follows: Appellant had on deposit in the Bank of Gulfport, in the name of Dewitt E. Gray, an assumed name, one thousand six hundred fifty-one dollars and ninety-four cents. He had a safety deposit box in that bank, secured and held in another assumed name, H. D. Mason, in which he had a one thousand dollar Dominion of Canada bond, and a one hundred dollar United States Liberty bond. We are of the opinion that this evidence was sufficient to go to the jury in the issue whether or not appellant had property which he concealed and unjustly refused to apply to the payment of his debts. It is argued by the appellant that the evidence was wholly insufficient because the attempted concealment by appellant of his deposits in the Bank of Gulfport was not a success; that the truth was found out by appellee. We think appellant misconceives the meaning of the statute. It is only necessary, in order to sustain this ground of attachment, to show that the defendant concealed, or was guilty of conduct which was intended to and calculated to conceal, his property from his creditors.

This action was founded upon a judgment against appellant in favor of appellee rendered by a court of record in the state of Florida. By one of his pleas the appellant invoked section 3104, Code 1906 (section 2468, Hemingway's Code) which provides:

"All actions founded on any judgment or decree rendered by any court of record without this state shall be brought within seven years after the rendition of such judgment or decree, and not after. But if the person against whom such judgment or decree was or shall be rendered, was, or shall be at the time of the institution of the action, a resident of this state, such action, founded on such judgment or decree, shall be commenced within

three years next after the rendition thereof, and not after."

It will be observed that the plea does not allege that appellant was a citizen of Mississippi at the time of the institution of the suit in the state of Florida in which the judgment sued on here was rendered. The plea alleges that he was a citizen of the state of Mississippi when the present suit was begun in this state, and had been a citizen of Mississippi for three years prior thereto.

Appellee's demurrer to this plea was overruled on the ground that the plea should have alleged that appellant was a citizen of Mississippi at the time of the institution of the suit in the state of Florida in which the judgment sued on here was rendered. The limitation of three years in the statute has reference to residence in this state at the time of the institution of the action in which a foreign judgment was rendered. In other words, if the defendant was a nonresident of this state at the time of the rendition of the foreign judgment, the limitation is seven years, while, if at the time of the institution of the action in which the foreign judgment was rendered the defendant is a citizen of this state, the limitation of three years applies, running from the date of the rendition of the foreign judgment. The trial court committed no error in sustaining the demurrer to appellee's said plea.

It follows from these views that the suggestion of error must be sustained, the former judgment of this court set aside, and the cause affirmed. Former opinion withdrawn.

*Affirmed.*