293 So.2d 463 (1974)
HERTZ CORPORATION
v.
C.R. DOMERGUE, Jr.
No. 47430.
Supreme Court of Mississippi.
April 22, 1974.
James H.C. Thomas, Jr., Hattiesburg, for appellant.
Zachary, Weldy & Ingram, Jolly W. Matthews, III, Hattiesburg, for appellee.
SMITH, Justice:
The litigation, out of which the present appeal has evolved, was begun in the Eighth Judicial District Court of Clark County, Nevada, by Hertz Corporation, against appellee, C.R. Domergue, Jr., a resident of Forrest County, Mississippi. The original suit in Nevada arose out of a written contract of bailment, involving the hire from Hertz by Domergue of an automobile, and sought recovery of damages alleged to have been sustained by the leased vehicle while so leased to Domergue.
The action in Nevada was brought and proceeded to final judgment under Nevada Revised Statutes 14.065 (1969). This statute, among other things, provides:
(2) Any person who, in person or through an agent or instrumentality, does any of the acts enumerated in this subsection thereby submits himself and, if an individual, his personal representative to the jurisdiction of the courts of this state as to any cause of action which arises from the doing of such acts:

(a) Transacting any business or negotiating any commercial paper within this state;
(b) Committing a tortious act within this state;
......
(Emphasis added).
*464 In Certain-Teed Products Corporation v. Second Judicial District Court, 87 Nev. 18, 23, 479 P.2d 781, 784 (1971), the District Court for the Second Judicial District said, among other things:
The broad language used in the statute [the long arm of NRS 14.065] discloses a legislative intention to reach the outer limits of federal constitutional due process. Such phrases as "transacting any business within this state," "negotiating any commercial paper within this state," "committing a tortious act within this state," are almost without restriction or limitation. The constitutional concern is whether the transaction of business in Nevada produced effects here of such significance that it is not unfair to allow this state to resolve resulting litigation. In short, are traditional notions of fair play and substantial justice offended? ...
The United States Supreme Court decisions of McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), when read together, seem to set forth the criteria defining the outer limits of in personam jurisdiction over an out-of-state defendant based upon a single act within the forum state. First, the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable... .
Recitals of the Nevada judgment indicate that evidence was taken.
Process in the Nevada case was personally served upon Domergue in Forrest County, Mississippi, in compliance with the Nevada statute, and this is not questioned, but is conceded. Following such service, Domergue sought the advice of counsel. From the testimony of Domergue and his counsel, both of whom testified in the hearing below, the latter advised Domergue to do nothing about the case, because, "We investigated the cost of going to Nevada  the airplane fare and the hotel rent and the number of days we would have to be there, so we submitted by mail the proposition of this man being a tourist and this being the result of a tort, and the next thing we heard there was a default judgment taken against him." Nothing further appears in the record concerning the nature of the "proposition" submitted by mail, either as to what it was or to whom it was sent.
Thereafter, suit was brought by Hertz against Domergue upon the Nevada judgment in the County Court of Forrest County. A copy of the judgment, duly certified as required in such cases by the Act of Congress, was filed with the declaration.
Upon the hearing in Mississippi, Domergue testified: he did not know the person alleged in the Nevada declaration to have been his agent and who was alleged to have been driving the car at the time it had been damaged, denied that she had been his agent, and disclaimed all responsibility. At the conclusion of the hearing, the Mississippi court entered judgment for Hertz against Domergue for the amount sued for. However, on motion for a new trial, this judgment was set aside and judgment was then entered for Domergue. The circuit court affirmed this judgment and Hertz appeals here.
The Nevada statute, Rule 12, Rules of Civil Procedure, provides in part:
(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the *465 option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter appearing on the face of the pleading, (2) lack of jurisdiction over the person, (3) insufficiency of process, (4) insufficiency of service of process, (5) failure to state a claim upon which relief can be granted... .
Further it is provided:
(d) Preliminary Hearings. The defenses specifically enumerated (1)(6) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.
The testimony of Domergue and his counsel shows that Domergue intentionally did not avail himself of the opportunity to question the jurisdiction of the Nevada court and did nothing to defend the suit in Nevada upon its merits. It was only after suit was brought against him upon the judgment that he sought to raise such defenses, including the alleged non-agency of the driver and that he had returned the automobile prior to the time it was alleged to have been damaged.
The United States Constitution provides:
Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.
(Art. IV, § I, Constitution of the United States).
We invite attention to what was said in Roberts v. Worthen Bank & Trust Company, 183 So.2d 811 (Miss. 1966), where this Court dealt at length with long arm statutes generally and specifically with a situation which had developed under the "long arm" statute of the State of Arkansas. In Roberts, this Court held that the activities of Roberts in Arkansas had been sufficient to confer jurisdiction upon the Arkansas court of a case which had arisen out of such activities. Roberts was served with process by mail as required by the Arkansas statute. As here, there was a default by the defendant and a final judgment.
The appellant, having breached his Arkansas contract, which he elected to execute, cannot now, by crossing a state line, gain asylum in this state and escape the just liabilities of his contractual violations. To hold otherwise would offend our notions of fair play and substantial justice. The decrees rendered against appellant are entitled to full faith and credit in the State of Mississippi.
(183 So.2d at 817)
The Nevada statute requires actual personal service of process upon the defendant in his state of residence outside of Nevada. Process was so served upon Domergue in Forrest County, Mississippi. No question is raised, either as to the manner of service, nor as to its sufficiency.
The question here is then, whether the alleged acts of Domergue in the execution of the lease contract in Nevada, and the use of the automobile upon the streets and highways of that state, under the provisions of the contract, were sufficient to confer jurisdiction upon the Nevada court, of an action for damages to the leased vehicle alleged to have been incurred while it was being so operated by his alleged agent, upon such streets and highways of Nevada, at a time when such vehicle was under lease to him? If so, may defenses going to the merits of the original action filed by Hertz against Domergue in Nevada, be raised for the first time in the suit filed in Mississippi based upon the final judgment recovered against him in the Nevada court?
The wisdom or unwisdom of the "long arm statutes," such as the Nevada *466 statute (Mississippi has a similar statute), is not a question now before the Court. Upon the facts disclosed by the present record, it was too late for Domergue to interpose for the first time in the Mississippi suit on the Nevada judgment, defenses which went to the merits of the Nevada action. The execution of the lease contract and the ensuing use of the leased vehicle on the streets and highways of Nevada were not such a "single and isolated" contact with that state as to prevent jurisdiction of the Nevada court from attaching in a suit based substantially upon, directly connected with, incidental to, and arising out of these acts. Such jurisdiction did not, of course, attach generally, and was restricted to such causes of action as might have been substantially connected with, incidental to, or which arose out of, Domergue's acts in Nevada.
Determination of what constitutes "fair play" in such a case involves a number of considerations. Inconvenience and expense to the nonresident, who has departed the forum state after the cause of action against him has accrued, must be weighed against difficulties confronting the resident in proceeding successfully against the departed nonresident, as well as the fact that, ordinarily, necessary records and witnesses will be in the forum state. Moreover, in all likelihood, the lex fori will apply in determining the merits of the litigation. We are unable to say that, in this case, traditional notions of fair play have been offended.
Under the provisions of the United States Constitution the Mississippi trial court was correct in entering judgment for Hertz against Domergue, but erred in setting aside that judgment and in entering judgment for Domergue. It was error on the part of the circuit court to affirm that judgment.
The judgment appealed from, therefore, is reversed and the judgment originally entered for Hertz against Domergue by the county court is reinstated.
Judgment appealed from reversed and judgment originally entered by the County Court for Hertz against Domergue is reinstated.
RODGERS, P.J., and PATTERSON, INZER and BROOM, JJ., concur.