544 So.2d 1378 (1989)
Arthur M. SOLLITT
v.
Jeanne ROBERTSON, f/k/a Jeanne Sollitt.
No. 58180.
Supreme Court of Mississippi.
May 17, 1989.
*1379 Douglas C. Wynn, Wynn & Mitchell, Greenville, for appellant.
William A. Montgomery, Lydia S. Marti, Schiff, Hardin & Waite, Chicago, Ill., John H. Price, Jr., Mark F. McIntosh, Thomas, Price, Alston, Jones & Davis, Jackson, Howard Q. Davis, Jr., W. Dean Belk, Jr., Clark, Davis & Belk, Indianola, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
Arthur and Jeanne Sollitt (Robertson) were married at Kenilworth, Illinois, on November 9, 1957 and had twin sons, James and Thomas, born on April 25, 1958. The couple lived together until August 14, 1962, when Arthur deserted the family. On April 19, 1965, Arthur and Jeanne were divorced by decree from the Circuit Court of Cook County, Illinois, Chancery Division. In the decree for divorce, Arthur was required to pay $125.00 per week for child support until further order of the court. The twins remained in the custody of their mother and resided in Illinois. Arthur remarried in 1968 to Karen Rak and as a result of this marriage fathered two children, Ian and Luke Sollitt.
After the divorce decree of April 19, 1965, Arthur did not pay child support. On May 11, 1970, Jeanne obtained a judgment against Arthur for child support arrearage in the Circuit Court of Cook County, Illinois. The amount of that judgment was $34,750.00. Arthur Sollitt's mother, Louise M. Sollitt, died on November 8, 1969. The will of Louise M. Sollitt was probated in Sunflower County, Mississippi. Mrs. Sollitt had a number of savings bonds and jewelry in a safe deposit box in the Wilmette State Bank, Wilmette, Illinois. In an attempt to recover the amount of the 1970 judgment Jeanne Robertson brought an action for the contents of the safe deposit box in Cook County Court, Chancery Division. As a result of this action the chancellor stated that Mrs. Robertson could cash the savings bonds that were in the name of Arthur Sollitt. The chancellor further stated that the seven United States Savings Bonds in the box that were payable to Louise M. Sollitt presently belonged to the co-trustees of the estate. The chancellor denied Robertson's claim to these bonds without prejudice so she could bring a claim for them in the proceeding probating Mrs. Louise M. Sollitt's will in Sunflower County, Mississippi. Mrs. Robertson's counsel then contacted the co-trustees of Louise M. Sollitt's estate and informed them that Mrs. Robertson was going to seek the indebtedness and Arthur's future payments from his share of his mother's estate. Through an agreement reached between the Trustees of the trust and Mrs. Robertson's counsel, the seven bonds in the trustee's possession were sold and the $7,898.80 from the sale was credited against the 1970 judgment. Some other items from the safety deposit box were also sold bringing the total credit to $8,101.36.
Louise M. Sollitt's will also established a testamentary trust of which Arthur was one of the income beneficiaries. Since Mrs. Robertson had stated her intent to recover Arthur's indebtedness and his future payments from his share of his mother's estate, an agreement was reached at the same time the bonds were sold whereby the Trustees agreed to make payments to Mrs. Robertson. As a result of this agreement the Trustees agreed to pay $1200.00 per year for each of the twins plus an additional amount of between $500.00 and $1,000.00 per year, depending on the income received from the trust estate. These payments were to come from Arthur's share of the trust. This offer of settlement was accepted by Jeanne Robertson in a letter from her counsel to the Trustees. Arthur Sollitt was out of the country when this settlement was reached but gave it his approval when he was informed of the agreement. Between December 1970 and January 27, 1976, the trust paid to or on behalf of the twins, $15,162.50. Even though the twins turned eighteen (18) (the age of majority in Illinois) on April 26, 1976, the trust continued to make payments. From May 6, 1976, *1380 until December 21, 1981, the trust paid to, or on behalf of the twins $24,455.67.
In October of 1983, Jeanne Robertson filed a petition to revive the 1970 judgment and obtained a judgment for unpaid child support for the period of May 12, 1970 to April 25, 1976. In her petition to revive Mrs. Robertson claimed that no payments had been made to satisfy the judgment other than the proceeds from the sale of the bonds. Arthur protested this action on several grounds including that the prior judgment had been satisfied by trust payments made on his behalf by the Trustees to the twins. The case was tried beginning May 21, 1984, in the Circuit Court of Cook County, Illinois, Domestic Relations Division. The parties to this action were Mrs. Jeanne Sollitt Robertson and Arthur Sollitt. There was no representative of the trust present at this action. During the trial in Illinois the judge commented on Louise M. Sollitt's will saying that there was discretionary language in the will for the trustees to make payments to the twins. On August 3, 1984, the Illinois Court issued its order granting judgment against Mr. Sollitt in the amount of $124,852.35. This amount was comprised of the original 1970 judgment plus interest as well as back child support payments from 1970 to 1976 and accrued interest on that amount. Attorneys fees were also entered in the amount of $19,875.26. Mr. Sollitt appealed this action to the Illinois Appellate Court. In affirming the lower court's decision, the Illinois Appellate Court stated that the evidence showed that the Trustees had discretion under the will to make voluntary payments to the twins. In re Robertson, 151 Ill. App.3d 214, 218-19, 104 Ill.Dec. 619, 626, 502 N.E.2d 1279, 1286 (1986).
After the award of judgment in the Cook County Court, Mrs. Robertson filed a Notice of Foreign Judgment in the Circuit Court of Sunflower County, Mississippi, on May 1, 1985. Mrs. Robertson then filed a writ of garnishment action against the Trustees in Sunflower County Circuit Court on July 24, 1985. This garnishment action was transferred to the Chancery Court of Sunflower County on September 27, 1985.
On February 14, 1986, Karen Rak Sollitt (Arthur Sollitt's second wife) filed a motion for payment of child support from the trust funds in the Chancery Court of Sunflower County. Arthur Sollitt and Karen Rak were divorced in Maryland in 1974. Pursuant to a consent decree filed June 15, 1982, in the Circuit Court for Anne Arundel County, Maryland, Arthur was ordered to pay $2,000.00 per year per child in quarterly installments as child support. He was also ordered to pay school expenses for the two children, Ian and Luke Sollitt, and psychiatric counseling expenses for Ian. When Arthur Sollitt was thirty days in arrears, the Maryland Court imposed a lien on Arthur's share of the trust. This was done on June 13, 1985. Arthur Sollitt had signed an authorization on June 12, 1985, ordering the Trustees of his mother's trust to direct his entitlement to Karen Rak Sollitt. The reason for Karen Rak Sollitt's action was that due to the garnishment proceedings initiated by Mrs. Robertson, the disbursements for her children had not been made. The Trustees stated that they had a $1,000 check for the December 30, 1985, support payments to Karen Rak Sollitt and were waiting for court permission to make a distribution.
Before the trial in Sunflower County Chancery Court, Mrs. Robertson filed a motion for partial summary judgment. In his ruling the chancellor granted full faith and credit as to whether the Illinois Court had jurisdiction over Arthur Sollitt. Yet, the chancellor denied the motion in other respects because there were issues of material fact.
The trial commenced on April 15, 1986. At trial three witnesses testified, Mrs. Jeanne Robertson, Mr. Arthur M. Sollitt, and Mr. Sumner Sollitt, Trustee. Mrs. Karen Rak Sollitt was represented by counsel who cross-examined the witnesses. The court prior to issuing its judgment entered its findings of fact and conclusions of law. In his conclusions of law, the chancellor granted full faith and credit to the Illinois judgment subject to the proper defenses in a garnishment action. Since the Trustees were not a party to the Illinois action they *1381 were given a credit against the garnishment in the amount of $39,618.17. The chancellor did not have to decide the priority between Robertson's and Rak's claims since Robertson conceded the priority of an equitable allocation of the trust income. The judgment was filed September 26, 1986, granting the Trustees a $39,618.17 credit against the Illinois judgment and allocating that future trust payments be divided one-third to Mrs. Robertson, one-third to Mrs. Karen Rak Sollitt and one-third to Mr. Sollitt. Mr. Sollitt was given one-third because he had now remarried for the third time.

I.

SHOULD FULL FAITH AND CREDIT BE GRANTED TO THE ILLINOIS JUDGMENT?
Since the issue of full faith and credit has been raised in several assignments with regard to the Illinois judgment, this issue must be examined before Mr. Sollitt's assignments are addressed.
Under the United States Constitution, "[f]ull faith and credit shall be given in each state to the public acts, record and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof." U.S. Constitution, Art. IV, Sec. 1. This clause compels the controversies be stilled so that where a state court has jurisdiction of the parties and subject matter, its judgment controls in other states to the same extent as it does in the state where rendered. Riley v. New York Trust Co., 315 U.S. 343, 349, 62 S.Ct. 608, 612, 86 L.Ed. 885, 891 (1942). A judgment is conclusive as to all media concludendi and it needs no authority to show that it cannot be impeached either in or out of the state by showing that it was based upon a mistake of law. Of course, a want of jurisdiction over either the person or the subject matter might be shown. Fauntleroy v. Lum, 210 U.S. 230, 237, 28 S.Ct. 641, 643, 52 L.Ed. 1039, 1042 (1908). This constitutional imperative has been aided by the Uniform Enforcement of Foreign Judgments Act which this state has adopted. Miss. Code Ann. § 11-7-301, et seq. (Supp. 1988).
The requirements of full faith are tempered by some basic limitations. The primary limitation is that full faith and credit does not apply if the rendering court did not have jurisdiction over the parties in the subject matter. Fehlhaber v. Fehlhaber, 681 F.2d 1015, 1020 (5th Cir.1982). When a foreign judgment is collaterally attacked on subject matter grounds extrinsic evidence is admissible but only to show that the foreign judgment is void. Lambert v. Lawson, 538 So.2d 767, 769 (Miss. 1989); Estate of Waitzman, 507 So.2d 24, 25 (Miss. 1987). The courts of this state may inquire into no question other than those which would be considered upon collateral attack in the state in which the judgment was rendered. Educational Placement Services v. Wilson, 487 So.2d 1316, 1320 (Miss. 1986); Hertz Corp. v. Domergue, 293 So.2d 463, 466 (Miss. 1974). To determine the validity of the Illinois judgment in Mississippi we must look to the law of the State of Illinois. Lambert v. Lawson, 538 So.2d at 769; Reeves Royalty Co., Ltd. v. ANB Pump Truck Service, 513 So.2d 595, 598-99 (Miss. 1987); Galbraith & Dickens Aviation Insurance Agency v. Gulf Coast Aircraft Sales, Inc., 396 So.2d 19, 22 (Miss. 1981). If the law of the state where the judgment was obtained would require the courts of that state to grant relief to judgment debtor, this state will similarly grant relief. Reeves Royalty Co., Ltd., 513 So.2d at 598.
As was stated in the facts, the Illinois court on August 3, 1984, entered final judgment in favor of Jeanne Robertson and against Arthur Sollitt in the amount of $144,727.61. The judgment was affirmed by the Illinois appellate court. In re Robertson, 151 Ill. App.3d 214, 104 Ill.Dec. 619, 502 N.E.2d 1279 (1986). No question appears regarding the subject matter of the Illinois court. Arthur Sollitt was personally before the court and hence there is no question of in personam jurisdiction. Since there was in personam jurisdiction over *1382 Arthur Sollitt the Illinois judgment is entitled to full faith and credit in Mississippi.
There is the question of whether the Trustees are parties whose absence from the Illinois proceeding would render the judgment subject to collateral attack. This question is controlled by Illinois law. See Ill. Ann. Stat., Ch. 110 ¶ 2-407 S.H.A. (1983), Ch. 110 1/2 ¶¶ 8-1 and 8-2 S.H.A. incorporating § 8-4 which was repealed in 1980. From an examination of Illinois statutory and case law it does not seem that the Trustees were necessary parties, the absence of whom would subject the judgment to be voided. See generally, Ex rel Sheppard v. Money, 124 Ill.2d 265, 280, 124 Ill.Dec. 561, 568, 529 N.E.2d 542, 549 (1988).
Since the Illinois court had subject matter jurisdiction over Arthur Sollitt and the Trustees were not necessary parties full faith and credit was properly granted by the chancellor. Arthur Sollitt's assignments of error do not merit discussion because they are barred by the doctrine of full faith and credit.

II.

WAS THE GRANTING OF A CREDIT TO THE TRUSTEES A VIOLATION OF FULL FAITH AND CREDIT?
Mrs. Robertson, as cross-appellant, claims that the court erred in granting the Trustees a "credit" of $39,618.17 on the amount subject to garnishment.
Full faith and credit of the Illinois judgment does not apply to the Trustees. The requirements of full faith are tempered by some basic limitations. The primary limitation is that full faith and credit does not apply if the rendering court did not have jurisdiction over the parties in the subject matter. Galbraith, 396 So.2d at 21. The Trustees were never made a party to the Illinois action. Also, this Court has said that it may intervene when disposition of decedent's interest involved property interest subject to our own jurisdiction. Estate of Waitzman, 507 So.2d at 25-26. The Trustees were not a party to the Illinois action and the trust involves property subject to Mississippi jurisdiction thus full faith and credit does not apply.
The doctrine of full faith and credit is also not violated by this "credit" because the chancellor stated that the amount credited to the Trustees would not prejudice Mrs. Robertson's claim. The chancellor stated that Mrs. Robertson could recover the credit amount from other assets of Mr. Sollitt.
Since the Trustees were not a party to the Illinois action the chancellor allowed them as garnishees to use the defense of payment. In a garnishment proceeding the garnishee is able to raise numerous defenses, one of which is that payment has already occurred. The Trustees had given $39,618.17 to the twins from Arthur's share of the trust so they were able to claim this amount as payment toward the garnishment.

III.

DID THE COURT ERR IN RULING THAT A PORTION OF THE TRUST INCOME IS DISTRIBUTABLE TO MR. SOLLITT BEFORE MRS. ROBERTSON'S JUDGMENT IS PAID IN FULL
This Court has stated on numerous occasions that the determination of an amount of an award is within the sound discretion of the chancellor and will not be disturbed unless the chancellor abused his discretion and awarded an amount which is against the overwhelming weight of the evidence. Massey v. Massey, 475 So.2d 802, 803 (Miss. 1985). The chancellor in determining the amount of an award must consider not only the needs of the wife but also the needs of the husband. Massey, 475 So.2d at 803.
Mrs. Robertson stated that the twins were institutionalized and required care at the cost of about $75,000.00 per year. There was evidence that some of this amount was covered by insurance. The chancellor also heard testimony that the trust must make child support payments on Mr. Sollitt's behalf to his second wife. Mr. Sollitt has now remarried and must provide *1383 for another family. The judgment states that all three shall be paid equal amounts and that no payment shall be made to one unless the other two are paid at the same time. The chancellor took into consideration the needs of the former wives as well as Mr. Sollitt's present needs and arrived at an equitable solution. There was no abuse of discretion thus this assignment is without merit.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.