558 So.2d 814 (1990)
Howard Wingfield DAVIS
v.
Barbara Stephen DAVIS. (Three Cases)
Howard Wingfield Davis
v.
Barbara Stephen Davis, Assignee of William C. Ferebee.
Nos. 07-59383, 07-59384, 07-59385 and 07-59387.
Supreme Court of Mississippi.
January 17, 1990.
Rehearing Denied April 11, 1990.
*815 Cynthia D. Davis, Gloster, for appellant.
Edwin Coulter Ward, III, Natchez, David C. Bramlette, III, Adams Foreman Truly Smith & Bramlette, Natchez, Thomas F. Badon, Liberty, for appellee.
Before DAN M. LEE, P.J., and PRATHER and BLASS, JJ.
DAN M. LEE, Presiding Justice, for the Court:
These cases concern the rendering of four summary judgments in connection with validly enrolled foreign judgments and a claim for sanctions under Supreme Court Rule 46(d). In consideration of the expeditious disposition of the four cases sub judice, the cases have been consolidated for purposes of this opinion. We affirm the granting of summary judgment in each case and decline to impose sanctions.

I.
Barbara Davis (Barbara) obtained four (4) judgments against Howard Davis (Howard) on the basis of unpaid child support and attorneys fees in the State of Texas. *816 She subsequently had those judgments individually enrolled in Mississippi. Over ten months later, Howard filed a separate tort action against Barbara for enrolling these four judgments. Summary judgments were granted to Barbara on her four enrollments.
Howard Davis appeals from the trial court's denial of his Motions to Vacate Summary Judgment or, in the Alternative for a New Trial in each of the four (4) cases sub judice. In each case he assigns six (6) errors which are identical. He raises an additional assignment based on the statute of limitations in one of the cases. Rather than address each separate assignment in each case, we proceed through a two-tier analysis which encompasses each assignment: (1) the uniform enrollment procedure for foreign judgments and (2) the summary judgment hearing.

II.

STANDARD OF REVIEW
This Court reviews orders granting summary judgment de novo, without deference to the trial court. Huff v. Hobgood, 549 So.2d 951 (Miss. 1989); Short v. Columbus Rubber and Gasket Co., 535 So.2d 61, 63 (Miss. 1988); Pearl River County Board of Supervisors v. Southeast Collections Agency, Inc., 459 So.2d 783, 785 (Miss. 1984).

III.

UNIFORM ENFORCEMENT OF FOREIGN JUDGMENTS

A.
Enrollment and enforcement of foreign judgments in Mississippi is governed by statute: Uniform Enforcement of Foreign Judgments, MCA § 11-7-301 through § 11-7-309, which became effective July 1, 1984. The entirety of these sections, along with § 15-1-45, are reproduced here for clarity:
§ 11-7-301. Definitions.
In this act "foreign judgment" means any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state.
§ 11-7-303. Filing copy of foreign judgment; enforcement.
A copy of any foreign judgment authenticated in accordance with the act of Congress of the statutes of this state may be filed in the office of the clerk of the circuit court of any county in this state. Said clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court of any county in this state. A judgment so filed as the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of a circuit court of any county in this state and may be enforced or satisfied in like manner, subject to the provisions of section 15-1-45, Mississippi Code of 1972.
§ 15-1-45. Limitations applicable to actions founded on foreign judgments or decrees.
All actions founded on any judgment or decree rendered by any court of record without this state shall be brought within seven years after the rendition of such judgment or decree, and not after. However, if the person against whom the judgment or decree was or shall be rendered, was, or shall be at the time of the institution of the action, a resident of this state, such action, founded on such judgment or decree, shall be commenced within three years next after the rendition thereof, and not after.
§ 11-7-305. Affidavit of filing; notice; execution.
(1) At the time of the filing of the foreign judgment, the judgment creditor or his lawyer shall make and file with the clerk of the circuit court, as the case may be, an affidavit setting forth the name and last known post office address of the judgment debtor and the judgment creditor.
(2) Promptly upon the filing of the foreign judgment and the affidavit, the clerk shall mail notice of the filing of the foreign judgment to the judgment debtor *817 at the address given and shall make a note of the mailing in the docket. The notice shall include the name and post office address of the judgment creditor and the judgment creditor's lawyer, if any, in this state. In addition, the judgment creditor may mail a notice of the filing of the judgment to the judgment debtor and may file proof of mailing with the clerk. Lack of mailing notice of filing by the clerk shall not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed.
(3) No execution or other process for enforcement of a foreign judgment filed hereunder shall issue until twenty (20) days after the date the judgment is filed.
§ 11-7-307. Appeal; stay of execution; security.
(1) If the judgment debtor shows the circuit court of any county that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated, upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered.
(2) If the judgment debtor shows the circuit court of any county any ground upon which enforcement of a judgment of any court of this state would be stayed, the court shall stay enforcement of the foreign judgment for an appropriate period, upon requiring the same security for satisfaction of the judgment which is required in this state.
§ 11-7-309. Alternative rights of judgment creditor.
The right of a judgment creditor to bring an action to enforce his judgment instead of proceeding under this act remains unimpaired.

B.
Under these statutes, the first question to be answered is: Did the attempt to enroll judgments involve only foreign judgments? See § 11-7-301. Since all judgments to be enrolled were rendered in Texas, the answer is "yes."
The next question is whether these judgments are entitled to full faith and credit in Mississippi. See § 11-7-301.
This State is required by the United States Constitution, Art. IV, Sec. 1, to give full faith and credit to all final judgments of other states and federal courts unless (1) "the foreign judgment itself was obtained as a result of some false representation without which the judgment would not have been rendered" Reeves Royalty Co., Ltd. v. ANB Pump Truck Service, 513 So.2d 595, 598 (Miss. 1987), or (2) "the rendering court did not have jurisdiction over the parties or the subject matter." Sollitt v. Robertson, 544 So.2d 1378 (Miss. 1989). In order to challenge a foreign judgment on this ground, however, it is necessary that the challenge be timely and properly filed in Mississippi.

C.
The statute of limitations for filing a foreign judgment for enforcement in Mississippi is § 15-1-45, M.C.A. (1972): seven (7) years after the rendition of the judgment, or three (3) years if the judgment debtor was a resident of Mississippi at the time of the institution of the action in the foreign state. This Court has interpreted the language "at the time of the institution of the action" to refer to the action in which judgment was rendered. See Gray v. Valley, 136 Miss. 886, 101 So. 855 (1924).
The underlying judgment which is the subject of this assignment was rendered by the Family District Court of Galveston County, Texas on December 29, 1982. The date of filing to obtain this judgment is unknown, although the Texas decree recites an order entered in 1980, two years prior to August 1982. The only proof of Howard's residency at the time of judgment comes from his affidavit of February 16, 1988 and attached as an exhibit to his Motion for Vacating Summary Judgment. In this affidavit Howard swears *818 that he has been a Mississippi resident since August 1982. It follows by deduction, then, that Howard was a resident of Texas "at the time of the institution of the action" which was prior to August 1982, and therefore, the seven-year statute of limitations is applicable here.
Applying the seven (7) year statute of limitations, Barbara would have had until December 29, 1989 to file her judgment in Mississippi. Barbara's application for enrolling of foreign judgment was filed Friday, December 27, 1985 and in accordance with § 11-7-305, the Circuit Clerk of Amite County sent Notice of the enrollment to Howard on Monday, December 30, 1985. Accordingly, the 1982 Texas judgment was filed and enrolled in Mississippi well within the seven-year time allowed by the statute.

D.
The procedure for properly enrolling a foreign judgment in Mississippi is found in § 11-7-303 and § 11-7-305. Briefly, the process is: (1) judgment creditor (Barbara) must file an affidavit and copy of the foreign judgment with the circuit clerk; (2) the circuit clerk promptly mails notice to the judgment debtor (Howard); (3) no action may be taken for twenty (20) days after the foreign judgment is filed. It is necessary to look at the dates for each case to see if each judgment was properly enrolled in Mississippi. An outline of these dates follows:

 Date of Date Filed Date of Next No. Days
 Case Judgment in Miss Notice Action[*] Elapsed
 # 1 ..... 12-29-82 ... 12-27-85 .... 12-30-85 ..... 02-11-86 ........ 43
 # 2 ..... 12-29-82 ... 03-21-85 .... 03-21-85 ..... 04-11-85 ........ 21
 # 3 ..... 05-03-85 ... 06-19-85 .... 06-19-85 ..... 07-25-85 ........ 36
 # 4 ..... 12-9-86 .... 03-26-87 .... 03-26-87 ..... 07-15-87 ....... 111

The immediately preceding time data outline clearly demonstrates that the procedure for enrollment of the judgments in these cases was properly followed. Accordingly, we find each judgment was timely and properly enrolled in Mississippi. This conclusion brings the analysis back to the second question posed, namely, are these properly enrolled judgments to be afforded full faith and credit in Mississippi?

E.
As previously stated, the general rule is this State affords full faith and credit to final judgments of other states and federal courts. Additionally, for full faith and credit to apply, the foreign court must have addressed the merits of the case in rendering its judgment. Lee v. Swain Bldg. Materials Co., 529 So.2d 188, 190 (Miss. 1988). This general rule does not apply, however, "if the rendering court did not have jurisdiction over the parties or the subject matter" or "if the foreign judgment itself was obtained as a result of some false representation without which the judgment would not have been rendered." Sollitt, 544 So.2d 1378, 1381 (Miss. 1989); Reeves Royalty Co., Ltd., 513 So.2d 595, 598 (Miss. 1987).
When a foreign judgment is collaterally attacked, "[t]he courts of this state may inquire into no question other than those which would be considered upon collateral attack in the state in which the judgment was rendered." Sollitt at 1381. If attacked on subject matter grounds, the court may consider extrinsic evidence only to show that the foreign judgment is void. Id. When the attack is on grounds of extrinsic fraud, as is claimed here, a distinction must be made between fraud involving the merits and fraud which "enables a party to procure a judgment he otherwise would not have obtained." Reeves Royalty at 599.
Extrinsic fraud has been defined as any fraudulent conduct of the successful party *819 which was practiced outside of an actual adversary trial directly and affirmatively on the defeated party whereby he was prevented from presenting fully and fairly his side of the cause ... [A] defense of extrinsic fraud ... may be interposed in a suit on a foreign judgment, not for the purpose of reviewing, setting aside, modifying, or annulling the judgment of the sister state, but to prevent its enforcement in the collateral court ...
Id. at 598-99.
Howard is attempting to prevent the enforcement of the four (4) Texas judgments in Mississippi. In order to prevail and stay the execution of these foreign judgments, it was incumbent upon Howard to take affirmative action; he did not. See § 11-7-307; Sollitt v. Robertson, 544 So.2d 1378 (Miss. 1989); Reeves Royalty Co., Ltd. v. ANB Pump Truck Service, 513 So.2d 595 (Miss. 1987). Toward that end Howard asserts that he has attacked the Texas judgments in this state on several grounds: fraud in the procurement of the judgments, extrinsic fraud in the enrollment of the judgments in Mississippi, pending litigation in Texas regarding the foreign judgments and other defenses. One problem is the timing and procedure used in allegedly attacking these judgments.
Procedurally, Howard should have timely filed an answer or response to Barbara's enrollment efforts within 20 days of and from December 27, 1985. He chose not to do this. Instead, Howard filed his own suit, in tort, against Barbara on October 10, 1986. This lawsuit, styled Howard Davis, Plaintiff v. Barbara Davis, Defendant, was assigned case # 3205 by the Amite County Circuit Clerk. Howard claims that this lawsuit, # 3205, is a consolidated, "in-globo" answer to the efforts to enroll and execute on the four judgments. An Amended Complaint in cause # 3205 was filed February 5, 1987.
Barbara moved for Summary Judgment on all four enrolled judgments on December 2, 1987. Howard filed his response to each of these Motions on December 14, 1987. His response was a general denial with the following additional language: "As an additional response thereto, Howard Davis would incorporate herein by reference that certain sworn amended complaint dated February 5, 1987, and filed herein." The records in each case do not contain a copy of the Amended Complaint in case # 3205, nor do they contain any other response by Howard Davis to the enrollments, garnishments or Motion for Summary Judgment other than the general denial in response to the Motion for Summary Judgment.
Assuming arguendo that Howard's suit in tort, Amite County cause # 3205, was a timely and proper response (which it is not), his "response" otherwise fails for several reasons. First, the record in each case reflects proper notice in accordance with § 11-7-301 et seq. Second, his "response" collaterally attacks the validity and amounts of the underlying judgments which may not be attacked in Mississippi. See Reeves Royalty Co., Ltd. at 599.
In the absence of a response or objection entered on Howard's behalf in any of the four (4) cases herein preceding Barbara's Motion for Summary Judgment, the judgments were, and are, entitled to full faith and credit in Mississippi.
The next issue to be addressed is the summary judgment proceedings.

IV.

SUMMARY JUDGMENT
Summary judgment is governed by Rule 56 of the Mississippi Rules of Civil Procedure and case law interpreting and applying Rule 56. See Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983). The pertinent language of Rule 56 reads:
(c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
(e) ... When a motion for summary judgment is made and supported as provided *820 in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
"A motion for summary judgment lies only when there is no genuine issue of material fact; summary judgment is not a substitute for the trial of disputed fact issues. Accordingly, the court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried." Comment, Rule 56. If a fact issue "tends to resolve any of the issues properly raised by the parties," then that fact issue is "material." Grisham v. John O. Long V.F.W. Post, 519 So.2d 413, 415-16 (Miss. 1988).
In order to defeat summary judgment, it was incumbent upon Howard to affirmatively respond to Barbara's motions with specific facts showing a genuine issue of material fact existed. Since the summary judgments here involved the execution of foreign judgments, the only issues available to Howard are outlined in the preceeding section Uniform Enforcement of Foreign Judgments, i.e. lack of finality of the foreign judgment, extrinsic fraud, lack of subject matter jurisdiction, lack of personal jurisdiction, or statute of limitations. As previously noted, the only action taken by Howard was the filing of a general denial. As a result, at the time of the hearings, December 17, 1987, January 8, 1988 and February 5, 1988, the court had before it, as we do now, four (4) files containing validly enrolled foreign judgments and no timely or proper response.
Howard asserts that the trial court denied him the opportunity to present evidence of the outstanding fact issues in these cases and that, in itself, was error. Had Howard made proper responses in these cases and been denied the opportunity to present his evidence in accordance with those responses, this assignment would have merit. However, a careful reading of the transcript of the December 22, 1987 hearing clearly indicates that is not the case.
At the December 11, 1987 hearing Howard wanted to go forward and present his testimony on his Amended Tort Complaint filed in case # 3205. Howard argued that this Amended Complaint was, in fact, his Answer in each of the cases herein. The trial court rejected this argument, as we do, and refused to allow testimony regarding any case except those he was dealing with.
Howard represented to the trial court, without producing any documents, that there was pending litigation in Texas on these underlying judgments. Howard contends that it was error to grant summary judgment and overrule his Motion to Vacate Summary Judgment in these cases when there was pending litigation in Texas. This argument would have merit if Howard had made any showing consistent with Rule 56 that the Texas judgments were not final. Absent such a showing, the granting of summary judgments was proper.

V.

RULE 46(d) SANCTIONS
After the record in these cases had reached this Court, Howard Davis filed two (2) documents in each: (1) consolidated Motion to Correct Appeal Record and (2) Motion to Consolidate Record Excerpts. Barbara responded to these motions and in addition filed a Motion for Rule 46(d) Sanctions in each case. Both of Howard's Motions were granted by this Court. Barbara's Motion for Rule 46(d) Sanctions was carried over for determination along with the merits.
Supreme Court Rule 46(d) reads:
(d) Disciplinary Power of the Court Over Attorneys. Every petition, motion, brief or other paper filed by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. The Court may, after reasonable notice and an opportunity to show cause to the contrary, and *821 after hearing, if requested, take any appropriate disciplinary action against any attorney who practices before it for conduct unbecoming a member of the bar, or for failure to comply with these rules or any order of this Court, or for filing any frivolous petition, motion, brief or other paper.
The comment to this rule states: "Rule 46(d) recognizes the Court's power to impose sanctions for frivolous pleadings."
Upon review of Barbara's Response to Howard's Motion to Consolidate Record Excerpts, we find the following statement: "4. Appellee shows that she has no objection to this Court's entering an Order authorizing the preparation of Consolidated Record Excerpts, if in the Court's opinion such will serve judicial efficiency." Barbara's Response to Howard's Consolidated Motion to Correct Appeal Record shows only a prayer that the motion will be denied. Accordingly, the motion for sanctions is meritless.
The granting of summary judgment in each of the four (4) cases on review is hereby affirmed. The Motion for Rule 46(d) Sanctions is hereby overruled.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[*] Next Action is Barbara's Suggestion for Writ of Garnishment and issuance, by clerk of Writ of Garnishment.