802 So.2d 174 (2001)
Raymond D. MAGALLANES, Sr., Yvonne Diaz Magallanes, Patricia Diaz Plauff and George Joseph Diaz, Appellants
v.
Raymond D. MAGALLANES, Jr., Mary Walters Magallanes and His, Inc. d/b/a Sunset Memory Gardens, Appellees.
No. 2001-CA-00108-COA.
Court of Appeals of Mississippi.
December 18, 2001.
*175 Elliot G. Mestayer, Pascagoula, Attorney for Appellant.
Robert P. Krebs, Pascagoula, Attorney for Appellee.
Before SOUTHWICK, P.J., BRIDGES, and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. Appellants filed this case after the Circuit Court of Jackson County granted the Appellees's motion to dismiss and set aside the foreign judgment enrolled against the Appellees. Feeling aggrieved, the Appellants filed this appeal and argue that the trial court's decision to grant the motion to dismiss was against the weight of case law and that the circuit court failed to properly apply Mississippi Rule of Civil Procedure 60(b)(4).

FACTS
¶ 2. On or about April 8, 1987, the Appellants obtained a judgment in the Circuit Court of Wythe County, Virginia, against the Appellees in the amount of $58,618.37 bearing interest at the rate of 10% per annum from September 14, 1986 until paid, as well as a 15% attorneys fees of the amount due when paid, including interest and all court costs. The judgment was predicated upon a loan made by the Appellants to the Appellees for business and personal use.
¶ 3. No effort was taken to collect the judgment until February 3, 2000. At that time, Appellants enrolled the foreign judgment with the Circuit Clerk for Jackson County, Mississippi. On November 2, 2000, the Appellees filed a motion to dismiss arguing that the court lacked the jurisdiction to enforce collection of the judgment because it was not timely filed within the appropriate statute of limitations. This motion was granted by the Circuit Court of Jackson County on December 22, 2000.

LAW AND ANALYSIS
¶ 4. Enrollment and enforcement of foreign judgments in Mississippi is governed by statute: Uniform Enforcement of Foreign Judgments, Miss.Code Ann. §§ 11-7-301 through §§ 11-7-309, which became effective July 1, 1984. Davis v. Davis, 558 So.2d 814, 816 (Miss.1990). Miss.Code Ann. § 15-1-45 states the applicable statute of limitations for filing a foreign judgment in Mississippi. That statute reads as follows:
All actions founded on any judgment or decree rendered by any court of record without this state shall be brought within seven years after the rendition of such judgment or decree, and not after. However, if the person against whom such judgment or decree was or shall be rendered, was, or shall be at the time of the institution of the action, a resident of this state, such action, founded on such judgment or decree, shall be commenced within three years next after the rendition thereof, and not after.
Miss.Code Ann. § 15-1-45 (Rev.1995).
¶ 5. The Appellants argue that the Appellees waived the right to protest the enforcement of the judgment because they failed to timely respond to the notice of judgment. In support of this argument, they cite Miss.Code Ann. § 11-7-305(3). That statute reads as follows: "No execution or other process for enforcement of a foreign judgment filed hereunder shall issue *176 until twenty (20) days after the date the judgment is filed."
¶ 6. The Appellants, relying heavily on the statute above and the case of Davis v. Davis, 558 So.2d 814 (Miss.1990), argue that because the Appellees did not file a response within twenty days, they cannot successfully prevent enforcement of the judgment. In the Davis case, the Mississippi Supreme Court found that the debtor could not prevent the enforcement of four Texas judgments for delinquent child support filed against him by his ex-wife. The court stated, "[i]n order to prevail and stay the execution of these foreign judgments, it was incumbent upon Howard to take affirmative action; he did not ... Procedurally, Howard should have timely filed an answer or response to Barbara's enrollment efforts within twenty days of and from December 27, 1985." Id. at 819.
¶ 7. Although this language appears to support the Appellants's position, their argument is not successful because they have failed to consider earlier language in that case. The court in Davis first addressed the statute of limitations issue. Id. at 817-18. The court cited § 15-1-45 as the statute of limitation for enrolling foreign judgments in the state of Mississippi and stated that the judgment creditor had enrolled her judgments well within the seven year time allowed in the statute. It was not until the court had satisfied itself that the judgment had been properly filed within the statute of limitations that it looked to see if the debtor had responded to stay enforcement in a timely manner.
¶ 8. The Davis court noted that the language "at the time of the institution of the action" found in the statute, should refer to the action in which the judgment was rendered. Id. at 817. It is not clear from the record whether the Appellees were residents of Mississippi at the time the action was filed; however, whether the three year statute or the seven year statute applies, the Appellants missed the deadline for enrolling their judgment.
¶ 9. The litigants in any suit have to comply with the appropriate statute of limitations in order to maintain an action. Mississippi Dept. of Public Safety v. Stringer, 748 So.2d 662 (¶ 13) (Miss.1999). A thorough discussion of the purpose of limitation statutes is found in that case.
The primary purpose of statutory time limitations is to compel the exercise of a right of action within a reasonable time. These statutes are founded upon the general experience of society that valid claims will be promptly pursued and not allowed to remain neglected. They are designed to suppress assertion of false and stale claims, when evidence has been lost, memories have faded, witnesses are unavailable, or facts are incapable of production because of the lapse of time.
Accordingly, the fact that a barred claim is a just one or has the sanction of a moral obligation does not exempt it from the limitation period. These statutes of repose apply with full force to all claims and courts cannot refuse to give the statute effect merely because it seems to operate harshly in a given case.
Id.
¶ 10. The Appellants in this case did not enroll their judgment within seven years as required by the statute; therefore, the judgment cannot be enforced and the circuit court's decision should be affirmed.
¶ 11. The Appellants further argue that the Appellees cannot now attack the validity of the judgment based upon a Rule 60(b)(4) motion. They maintain that eight months after receiving notice that the judgment was enrolled is too late to assert that the judgment is void. The rule states *177 that motion must be made in a reasonable time. This argument is superfluous because of the above discussed issue. The judgment is unenforceable because it was not timely filed pursuant to § 15-1-45.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS AFFIRMED. COSTS ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR. THOMAS, J., NOT PARTICIPATING.