GRIFFIS, J.,
for the Court.
¶ 1. On December 1, 1994, National Enterprises Inc., obtained a judgment against Chris Valsamakis in Davidson County, Tennessee. At the time, Valsamakis was a resident of Monroe County, Mississippi. National enrolled its judgment in the Monroe County Circuit Clerk’s office on September 15, 1995.
¶ 2. National issued a writ of garnishment on Valsamakis’ employer on June 3, 1999. Pursuant to the writ, Valsamakis’ employer withheld $14,927 and tendered the funds to National.
¶ 3. On February 20, 2003, Valsamakis filed a motion to vacate the garnishment. On May 9, 2003, the Monroe County Circuit Court found that Valsamakis was a resident of Mississippi when the Tennessee action was commenced, that National had requested a writ of garnishment more than three years after its judgment was rendered, the writ of garnishment was void ab initio, and all withheld funds should be returned to Valsamakis. From this order, National appeals.
STANDARD OF REVIEW
¶ 4. The Mississippi Supreme Court articulated the standard of review for considering a ruling regarding the application of *524 law to a set of undisputed facts in ABC Mfr. Corp. v. Doyle, 749 So.2d 43, 45 (Miss.1999). “This court uses a de novo standard of review when passing upon questions of law....” Id.
ANALYSIS
¶ 5. The enrollment and enforcement of foreign judgments in Mississippi is governed by statute. Mississippi Code Annotated §§ 11-7-301 through 11-7-309 (Supp.2003) establish the proper procedure for enrollment and enforcement of foreign judgments, as well as for any attack on the enrollment of foreign judgments. Mississippi Code Annotated § 15-1-45 (Rev. 2003) states the applicable statute of limitations for filing a foreign judgment:
All actions founded on any judgment or decree rendered by any court of record without this state shall be brought within seven years after the rendition of such judgment or decree, and not after. However, if the person against whom such judgment or decree was or shall be rendered, was, or shall be at the time of the institution of the action, a resident of this state, such action, founded on such judgment or decree, shall be commenced within three years next after the rendition thereof, and not after.
¶ 6. Valsamakis was a Mississippi resident at the time the Tennessee action was commenced and the judgment entered. National obtained the Tennessee judgment on December 1, 1994, and did not issue the writ of garnishment until June 3, 1999. Because more than three years passed, the statute of limitations found in Mississippi Code Annotated § 15-1-45 expired before National received its writ of garnishment.
¶ 7. A garnishment proceeding is no longer valid after the lapse of the judgment upon which the garnishment is issued. Anderson-Tully Co. v. Brown, 383 So.2d 1389, 1390 (Miss.1980). Once National’s judgment against Valsamakis was extinguished by the expiration of the limitations statute, judgment creditor National had no “valid claim to the funds in controversy.” Grace v. Pierce, 127 Miss. 831, 838, 90 So. 590, 592 (1922). Therefore, the garnishment was void ab initio.
¶ 8. National argues that even if its writ of garnishment was void, Valsamakis waived his right to attack its validity because Valsamakis did not file his motion to vacate the writ of garnishment for four years from the time it was entered. However, National’s argument is misplaced. While a defense based on statute of limitations is an affirmative defense that must be timely asserted, Valsamakis is not asserting that defense. Valsamakis is asserting that the judgment was void ab initio because the statute of limitations had run prior to National’s writ of garnishment being issued. With that assertion, he is correct. The judgment is unenforceable because it was not timely filed pursuant to § 15-1-45. Magallanes v. Magallanes, 802 So.2d 174, 177 (¶ 11) (Miss.Ct.App.2001).
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., LEE, IRVING, MYERS AND CHANDLER, JJ„ CONCUR.