**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2008-CA-01947-SCT**

*EVA RAGAN CALDWELL O'NEAL*

*v.*

*GENE LOSTON O'NEAL*

DATE OF JUDGMENT:            11/19/2008
TRIAL JUDGE:                   HON. PERCY L. LYNCHARD, JR.
COURT FROM WHICH APPEALED:  DESOTO COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:     H.R. GARNER
ATTORNEY FOR APPELLEE:       GENE LOSTON O'NEAL, PRO SE
NATURE OF THE CASE:           CIVIL - DOMESTIC RELATIONS
DISPOSITION:                   AFFIRMED - 09/17/2009
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE WALLER, C.J., RANDOLPH AND CHANDLER, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.    This appeal arises from the decision of the DeSoto County Chancery Court to deny Eva O'Neal's petition to set aside the judgment of divorce based on irreconcilable differences from Gene O'Neal. We affirm the chancellor's decision but on other grounds.

## FACTS AND PROCEDURAL HISTORY

¶2.    In August, 2006, Gene O'Neal filed for divorce from his wife, Eva, in DeSoto County Chancery Court. He asserted the fault-based ground for the divorce of habitual cruel and inhuman treatment. Alternatively, Gene asserted irreconcilable differences between the parties.

¶3.     Eva answered, denying all the allegations of Gene's complaint, and she filed a counter-complaint for divorce on the fault-based grounds of habitual cruel and inhuman treatment and habitual drunkenness. Eva also asserted, as an alternative ground for divorce, irreconcilable differences.

¶4.     On February 8, 2007, Gene and Eva filed a Consent Agreement to a divorce on the ground of irreconcilable differences, setting forth the property matters remaining to be resolved by the chancellor. The matter proceeded to trial on August 6, 2007. No transcript of the proceedings appears in the record, but the chancellor made his rulings from the bench that same day, for which there is a transcript.

¶5.     After the bench ruling but before the final judgment was entered, on August 28, 2007, Eva filed a motion to alter or amend the judgment. Eva asserted that the court had erred by failing to take into account a marital debt owed to Third Union Finance Co. Gene responded to the motion, denying all the allegations therein. Thirty days later, Gene filed his own motion for relief from the judgment, asserting that the chancellor had erred in his calculations and/or valuation of Gene's income and assets. Finally, Eva filed a petition for contempt, alleging that Gene had improperly disposed of property awarded to her in the divorce decree.

¶6.     The chancellor never ruled on any of these motions, and there is no record of any hearings being held on any of the motions. Neither party sought leave of the court to withdraw his or her consent to the divorce based on irreconcilable differences.

¶7.     More than a year later, on October 23, 2008, Eva filed a petition to set aside the judgment of divorce. The basis for the motion was that neither party had ever withdrawn the fault-based grounds asserted in their respective complaint and counter-complaint, as required

by Mississippi Code Section 93-5-2(5), and that, therefore, the chancellor was without jurisdiction to grant a divorce based on irreconcilable differences.

¶8.     The chancellor entered an order denying the petition to set aside the divorce judgment and third-party claim on November 19, 2008. The sole basis for denying the petition was the untimeliness of its filing.

¶9.     Eva O'Neal appeals from this order, arguing that the chancellor failed to enforce the provisions of Mississippi Code Section 93-5-2(5) before granting a divorce based on irreconcilable differences, and that the judgment of divorce is therefore void and should be set aside. Eva does not appeal the dismissal of her petition based on its untimeliness, which was the sole reason given by the chancellor for the denial.

¶10.    We find that Eva's petition to set aside the divorce judgment was not untimely filed, but that the chancellor's denial of the petition was nonetheless correct, although for a different reason.

## STANDARD OF REVIEW

¶11.    The findings of a chancellor in domestic relations matters will not be disturbed by this Court unless the chancellor was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. *Irby v. Irby*, 7 So. 3d 223, 228 (Miss. 2009) (citing *Montgomery v. Montgomery*, 759 So. 2d 1238 (Miss. 2000)). For questions of law, the standard of review is de novo. *Irby*, 7 So. 3d at 228 (citing *Duncan v. Duncan*, 774 So. 2d 418, 419 (Miss. 2000)).

## DISCUSSION

**I.      Whether Eva's petition for relief from the divorce judgment was untimely filed.**

¶12. Eva's petition for relief from the chancellor's judgment does not identify the rule of civil procedure under which it was filed, Rule 59 or Rule 60. However, the petition does speak repeatedly of the divorce judgment being void. Therefore, it presumably was filed pursuant to Rule 60(b).

¶13. Rule 60(b) provides six grounds for relieving a party from a judgment or order: (1) fraud, misrepresentation, or other misconduct of an adverse party; (2) accident or mistake; (3) newly discovered evidence; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated; or (6) any other reason justifying relief. Miss. R. Civ. P. 60(b).

¶14. Pursuant to Rule 60(b), motions for relief must be made within a reasonable time, but motions based on reasons (1), (2), and (3) may not be made more than six months after the judgment was entered. *Id.* There is no such time limitation on motions made pursuant to Rule 60(b)(4) void judgments. This Court previously has recognized that, essentially, there can be no time limitation for relief from a void judgment as "no amount of time or delay may cure a void judgment." ***Kirk v. Pope***, 973 So. 2d 981, 988 (Miss. 2007); ***Overbey v. Murray***, 569 So. 2d 303, 306 (Miss. 1990).

¶15. Therefore, although Eva's petition was filed more than a year after the judgment was entered, the chancellor erred in finding that Eva's petition was untimely filed. However, this was harmless error. Had the chancellor considered the substance of the petition, Eva could not have prevailed on the merits.

**II.     Whether the O'Neals' divorce judgment is void.**

4

¶16. Eva argues that, because there was no formal withdrawal of the competing fault-based grounds that both she and Gene originally asserted, the chancellor was without authority to grant a divorce based upon irreconcilable differences. Thus, Eva's argument implies that the consent agreement that she and Gene validly executed, to proceed on the mutually agreed-upon ground of irreconcilable differences and to let the chancellor decide the property division issues, was of no legal effect and should be ignored. We disagree.

¶17. This Court recently addressed this very issue on nearly identical essential facts in *Irby v. Irby*, 7 So. 3d 223 (Miss. 2009). In *Irby*, the parties filed complaints and counter-complaints for divorce, both alleging fault-based grounds, and then subsequently entered a consent agreement to proceed with the divorce based on irreconcilable differences. As here, neither party formally withdrew the fault-based grounds, and Ms. Irby sought to have the judgment of divorce declared void for the absence of any such withdrawal. *Id.* at 236.

¶18. The *Irby* decision made it exceedingly clear that, pursuant to Mississippi Code Section 93-5-2, no such withdrawal of the initially asserted fault-based grounds is necessary. Section 93-5-2 provides, in pertinent part:

> (3) If the parties are unable to agree upon adequate and sufficient provisions for the custody and maintenance of any children of that marriage or any property rights between them, they may consent to a divorce on the ground of irreconcilable differences and permit the court to decide the issues upon which they cannot agree. Such consent must be in writing, signed by both parties personally, must state that the parties voluntarily consent to permit the court to decide such issues, which shall be specifically set forth in such consent, and that the parties understand that the decision of the court shall be binding and lawful judgment. Such consent may not be withdrawn by a party without leave of the court after the court has commenced any proceeding, including the hearing of any motion or other matter pertaining thereto. . . .

5

(5) *Except as otherwise provided in subsection (3) of this section*, no divorce shall be granted on the ground of irreconcilable differences where there has been a contest or denial; provided, however, that a divorce may be granted on the grounds of irreconcilable differences where there has been a contest or denial, if the contest or denial has been withdrawn or cancelled by the party filing same by leave and order of the court.

(6) Irreconcilable differences may be asserted as a sole ground for divorce or as an alternate ground for divorce with any other cause for divorce set out in Section 93-5-1.

Miss. Code Ann. § 93-5-2 (Rev. 2004) (emphasis added).

¶19.   Eva argues that subsection (5) is dispositive in its statement that an irreconcilable differences divorce can be granted only if the previously asserted fault-based grounds have been withdrawn or cancelled by the party asserting them.  We disagree.

¶20.   Some confusion may exist on this issue because of opposing opinions, rendered just more than a month apart on nearly identical facts, by this Court and the Court of Appeals. The Court of Appeals handed down ***Pittman v. Pittman***, 4 So. 3d 395 (Miss. Ct. App. 2009), on March 10, 2009.  Reaching the opposite conclusion than the Court of Appeals reached in ***Pittman***, we decided ***Irby*** on April 23, 2009.  Our decision in ***Irby*** does not address the Court of Appeals' decision in ***Pittman***.

¶21.   We do so now.  For this analysis, we first review the history of Section 93-5-2.  Prior to 1990, the statute did not allow the parties to leave the issues upon which they cannot agree, if any, to be decided by the chancellor.  In order to procure a divorce based on irreconcilable differences, the parties had to agree on everything and submit the agreement to the chancellor for approval.  ***Irby***, 7 So. 3d at 238-240 (discussing the history of Mississippi Code Section 93-5-2).  Thus, under that rule, the contests and/or denials had to

6

be formally withdrawn before a divorce based on irreconcilable differences could be granted. *Id.* Further, such a withdrawal or cancellation could only be accomplished, by leave and order of the court. *Id.*

¶22.    As pointed out in *Irby*, however, the Legislature amended Section 93-5-2 in 1990 to provide for, what this Court termed in *Massingill v. Massingill*, "trial by mutual consent." *Massingill v. Massingill*, 594 So. 2d 1173, 1176 (Miss. 1992). Specifically, the 1990 amendments separated the statute into subsections and added the first part of subsection (3). Subsection (3) provides that if the parties cannot agree on any child custody or maintenance issues or property rights between them, they may mutually consent to a divorce on the ground of irreconcilable differences and permit the trial court to decide the particular issues upon which they cannot agree. *Id.*; Miss. Code Ann. § 93-5-2(3) (Rev. 2004).

¶23.    The withdrawal requirement, designated in 1990 as subsection (5), continued to require a formal withdrawal or cancellation of contests and/or denials before a divorce based on irreconcilable differences could be granted. Miss. Code Ann. § 93-5-2(5) (Rev. 2004). However, the 1990 amendment of Section 93-5-2 provided that subsection (5) is specifically excepted by subsection (3). Miss. Code Ann. § 93-52-2 (Rev. 2004). The "trial by mutual consent" found in subsection (3) permits divorces to proceed based on irreconcilable differences where the parties consent to such after previously asserting fault-based grounds.

¶24.    It is apparent that the Legislature intended the mutual-consent procedure in subsection (3) to be an exception to the formal withdrawal requirements of subsection (5). Our decision in *Irby* recognized this:

7

It is well understood that divorce in Mississippi is governed by statute, and that its provisions must be strictly complied with. The plain language of subsection (5) mandates that a contest or denial be withdrawn or canceled, by leave and order of the court, by the party who filed the contest or denial. This is a procedural safeguard which has existed within the framework of Section 93-5-2 since its promulgation. However, the exception clause, which was added in 1990 when the statute was amended to provide for "trial by mutual consent," clearly indicates that subsection (5) should be read in conjunction with subsection (3). Once the parties fully and properly acceded to the procedural strictures of subsection (3), the safeguards provided by subsection (5) were no longer necessary.

*Irby*, 7 So. 3d at 239-40 (internal citations omitted). Therefore, our decision in *Irby* reasoned, without expressly stating, that the filing of the mutual-consent agreement detailed in subsection (3) of Section 93-5-2 operates as a cancellation and withdrawal of the contests or denials referenced in subsection (5).

¶25. To clear up any future questions on this point, we explicitly overrule *Pittman* and hold as much now. As explained in *Irby v. Irby*, 7 So. 3d 223 (Miss. 2009), pursuant to Mississippi Code Section 93-5-2(3) and (5), when the parties fully and properly execute a mutual-consent agreement to a divorce based on irreconcilable differences, under the requirements prescribed by the Legislature in subsection (3),[1] the Act establishes that the parties intend to and do withdraw all contests and denials. Thus, the consent agreement operates as a withdrawal and cancellation of any previously asserted fault-based grounds for divorce made by either party.

---

[1] These requirements are that the consent must: (1) be in writing and signed by both parties; (2) state that the parties voluntarily consent to permit the court to decide the issues upon which the parties cannot agree; (3) specifically set forth the issues upon which the parties are unable to agree; and (4) state that the parties understand that the decision of the court shall be a binding and lawful judgment. *Irby*, 7 So. 3d at 238 (citing *Massingill*, 594 So. 2d at 1177).

8

¶26. Finally, as Section 93-5-2(3) specifically sets out, once the chancery court has started any proceeding on the matter, neither party may withdraw the consent without leave of the court. Therefore, in the absence of the court granting such leave, the final judgment granting the divorce based on irreconcilable differences, including the chancellor's decisions regarding property division and child custody and support, is not rendered void simply because the previously asserted fault-based grounds were never withdrawn or cancelled.

¶27. In this case, as in *Irby,* the O'Neals entered a written consent for divorce on the ground of irreconcilable differences. It was signed by both parties and by their respective counsel. The consent states that both parties understood the decision of the court would be binding upon them, that both had the consent explained to them by their respective counsel, and that neither party would be permitted to withdraw the consent without leave of court. The consent agreement concludes by setting out the property issues remaining to be decided by the chancellor. Neither party was granted leave of court to withdraw his or her consent to the divorce based on irreconcilable differences.

¶28. In light of the clarity of Mississippi Code Section 93-5-2, our holding in *Irby*, and the clear validity of the written consent agreement in this case, there is no basis in law for finding the O'Neals' divorce judgment to be void. The validly executed consent agreement entered into by the O'Neals operated as a withdrawal and cancellation of their previously-asserted fault-based grounds.

## CONCLUSION

¶29. A motion for relief from a judgment made pursuant to Rule 60(b)(4), void judgments, has no time limit, so the chancellor erred in denying Eva O'Neal's petition for untimeliness.

9

However, this was harmless error because Eva's petition was without merit. Mississippi Code Section 93-5-2 provides that a validly executed consent agreement to a divorce based on irreconcilable differences operates as a withdrawal and cancellation of any previously asserted fault-based grounds made by either party. Thus, the O'Neals' judgment of divorce was not void. Therefore, the decision of the DeSoto County Chancery Court to deny Eva O'Neal's petition to set aside the divorce judgment is hereby affirmed.

¶30. **AFFIRMED.**

**CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, LAMAR, CHANDLER AND PIERCE, JJ., CONCUR. KITCHENS, J., NOT PARTICIPATING.**