# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-00910-COA

**NORTH DALLAS BANK & TRUST CO.**                                    APPELLANT

**v.**

**JOHN M. MABRY**                                                              APPELLEE

DATE OF JUDGMENT:              05/16/2017
TRIAL JUDGE:                   HON. PAUL S. FUNDERBURK
COURT FROM WHICH APPEALED:     ALCORN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        AMANDA CLEARMAN WADDELL
ATTORNEY FOR APPELLEE:         JOHN O. WINDSOR
NATURE OF THE CASE:            CIVIL - OTHER
DISPOSITION:                   AFFIRMED - 11/20/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., FAIR AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.      In December 2004, North Dallas Bank & Trust Company (North Dallas) obtained a default judgment in Texas against John Mabry. In December 2014, North Dallas enrolled the judgment in Mississippi. In February 2016, Mabry filed a motion to set aside the enrollment of the judgment pursuant to Mississippi Rule of Civil Procedure 60(b)(4). The Alcorn County Circuit Court granted Mabry's motion, holding that the judgment was unenforceable because it was enrolled more than seven years after the Texas judgment was entered. *See* Miss. Code Ann. § 15-1-45 (Rev. 2012). Accordingly, the court ordered the circuit clerk to mark the judgment as cancelled on the county judgment roll.

¶2.      On appeal, North Dallas argues that the circuit court erred because Mabry waived his

statute of limitations defense and did not file his Rule 60(b)(4) motion "within a reasonable time." However, we conclude that the circuit court correctly applied the precedent of this Court holding that attempts to enroll or enforce a foreign judgment after the expiration of the statutory limitations period are void ab initio. Therefore, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3. On December 14, 2004, North Dallas obtained a default judgment against Mabry in state court in Texas for a total of $470,521.43 plus post-judgment interest. Almost ten years later, on December 11, 2014, North Dallas filed a notice of enrollment of the judgment in the Alcorn County Circuit Court. North Dallas's certificate of service shows that it mailed a copy of the notice to both an address in Savannah, Tennessee, and a restaurant in Corinth, the Chop House Shiloh Ridge (Chop House). North Dallas alleged, on information and belief, that the Savannah address was Mabry's last known address and that Mabry could also be found at the Chop House, where he was once employed. The docket appears to show that the circuit clerk sent notice of the enrollment to both addresses by certified mail, but the notice sent to the Savannah address was returned to the clerk marked not deliverable/unable to forward.

¶4. In January 2015, North Dallas sought to enforce the enrolled judgment through a writ of garnishment directed to the Chop House. A sheriff's return shows that the writ and a summons were served on the Chop House, but the Chop House failed to respond. North Dallas subsequently filed a motion for a conditional judgment against the Chop House as

garnishee. In July 2015, the circuit court granted North Dallas's motion and ordered the Chop House to appear at a show-cause hearing. However, hearing notices mailed to the Chop House were returned as undeliverable. The Chop House apparently ceased operations at some point.

¶5. In January 2016, counsel for Mabry filed an entry of appearance. In February 2016, Mabry filed a motion to set aside the judgment pursuant to Rule 60(b)(4) of the Mississippi Rules of Civil Procedure. Mabry argued that the enrollment of the judgment was "void" because it was filed in Mississippi more than seven years after the judgment was entered in Texas. *See* Miss. Code Ann. § 15-1-45. In response, North Dallas denied that the judgment was void. North Dallas argued that Mabry had waived his statute of limitations defense and that his Rule 60(b)(4) motion was untimely.

¶6. Following a hearing, the circuit court granted Mabry's Rule 60(b)(4) motion. The court found that the judgment was unenforceable because it was enrolled more than seven years after it was entered in Texas. North Dallas appealed.[1]

## ANALYSIS

¶7. North Dallas argues that the circuit court erred by granting Mabry's Rule 60(b)(4) motion. North Dallas contends that the judgment was not void, that Mabry waived his statute of limitations defense, and that Mabry's Rule 60(b)(4) motion was untimely. Our standard

---

[1] North Dallas filed its first notice of appeal one day too late. However, North Dallas then filed a timely motion to extend the time for filing a notice of appeal, *see* Miss. R. App. P. 4(g), which the circuit court granted. North Dallas then filed a timely notice of appeal.

of review is de novo because the circuit court's ruling and the issues raised by North Dallas on appeal concern "the application of law to a set of undisputed facts." *Nat'l Enters. Inc. v. Valsamakis*, 879 So. 2d 523, 523-24 (¶4) (Miss. Ct. App. 2004).

¶8. Mabry failed to file a brief on appeal. We could "take [Mabry's] failure to file a brief as a confession of error and reverse." *Jay Foster PLLC v. McNair*, 175 So. 3d 565, 571 (¶15) (Miss. Ct. App. 2015) (quoting *Archie v. City of Canton*, 92 So. 3d 1279, 1282 (¶10) (Miss. Ct. App. 2012)). However, "if the record can be conveniently examined and such examination reveals a sound and unmistakable basis or ground upon which the judgment may be safely affirmed, we may disregard [Mabry's failure to file a brief] and affirm." *Id.*

¶9. The courts of this State are required to give "Full Faith and Credit" to judgments entered by the courts of other states. U.S. Const. art. IV, § 1; *see Davis v. Davis*, 558 So. 2d 814, 817 (Miss. 1990). "Enrollment and enforcement of foreign judgments in Mississippi is governed by statute . . . ." *Davis*, 558 So. 2d at 817. The Uniform Enforcement of Foreign Judgments Act, Miss. Code Ann. § 11-7-301 to -309 (Rev. 2004), establishes the procedure for enrolling a foreign judgment, and the applicable statute of limitations is found in Mississippi Code Annotated section 15-1-45. *Davis*, 558 So. 2d at 816-18. The statute of limitations for enrolling or enforcing a foreign judgment in Mississippi is seven years after entry of the foreign judgment or three years if the judgment debtor was a Mississippi resident when the foreign action was commenced. Miss. Code Ann. § 15-1-45; *Davis*, 558 So. 2d at 817. To be enforced in Mississippi the foreign judgment must be "timely and properly

enrolled in Mississippi." *Davis*, 558 So. 2d at 818.

¶10.   This Court has addressed the same basic issues raised in this appeal twice previously. In *Magallanes v. Magallanes*, 802 So. 2d 174 (Miss. Ct. App. 2001), the plaintiffs obtained a judgment against the defendants in Virginia in 1987 but made no effort to collect on the judgment until February 2000, when they enrolled the judgment in Mississippi.  *Id.* at 175 (¶¶2-3).  In November 2000, the defendants filed a motion under Rule 60(b)(4) to set aside the enrollment of the judgment.  *Id.* at 175-77 (¶¶1-3, 11).  The defendants argued that the enrolled judgment was void because it was not filed in Mississippi within the seven-year statute of limitations.  *Id.* at (¶¶3-4, 11) (citing Miss. Code Ann. § 15-1-45).  In response, the plaintiffs argued that the defendants "waived" the issue by failing to respond to the notice of enrollment of the judgment within the twenty-day period set by statute.  *Id.* at 175 (¶5) (citing Miss. Code Ann. § 11-7-305(3)).  This Court rejected the plaintiffs' waiver argument, stating succinctly: "The [plaintiffs] in this case did not enroll their [foreign] judgment within seven years as required by the statute; *therefore, the judgment cannot be enforced . . . .*"  *Id.* at 176 (¶10) (emphasis added).[2]  The plaintiffs also argued that the defendants could not

_____

[2] On this issue, this Court distinguished the Supreme Court's decision in *Davis*, *supra*. In *Davis*, the Supreme Court held that the judgment debtor waived various defenses to the enrollment of the judgment when he failed to file an answer or otherwise respond within the twenty-day period set by statute. *Davis*, 558 So. 2d at 819. However, in *Magallanes*, this Court observed: "The [C]ourt in *Davis* first addressed the statute of limitations issue. . . . It was not until the [C]ourt had satisfied itself that the judgment had been properly filed within the statute of limitations that it looked to see if the debtor had responded to stay enforcement in a timely manner." *Magallanes*, 802 So. 2d at 176 (¶7). In other words, the *Davis* Court determined whether the action to enroll the judgment was barred by the statute

attack the enrolled judgment in a motion under Rule 60(b)(4) because "eight months after receiving notice that the judgment was enrolled [was] too late to assert that the judgment [was] void." *Id.* at 176 (¶11). However, this Court rejected that argument as well. We acknowledged the general rule that a motion under Rule 60(b) must be filed within a "reasonable time," but we held that the judgment was simply "unenforceable because it was not timely filed pursuant to [section] 15-1-45." *Id.* at 176-77 (¶11).

¶11. This Court subsequently reached the same conclusions in *Valsamakis*. In that case, National Enterprises (National) obtained a judgment in 1994 in Tennessee against Valsamakis. *Valsamakis*, 879 So. 2d at 523 (¶1). Valsamakis was a Mississippi resident, so section 15-1-45's three-year statute of limitations applied to any action to enforce the judgment. *Id.* at (¶3). National enrolled the judgment in Mississippi in 1995 but did not obtain a writ of garnishment against Valsamakis's employer until 1999. *Id.* at (¶¶1-2). In 2003, Valsamakis filed a motion to vacate the garnishment, which the circuit court granted. *Id.* at (¶3). The circuit court held "that National had requested a writ of garnishment more than three years after its judgment was rendered, the writ of garnishment was void *ab initio*, and all withheld funds should be returned to Valsamakis." *Id.*

¶12. On appeal, this Court affirmed. We held that the garnishment action "was void *ab initio*" because the underlying judgment "lapse[d]" and "was extinguished by the expiration

---

of limitations, *even though the judgment debtor failed to respond to the notice of enrollment or take any action for over nine months. See Davis*, 558 So. 2d at 818-19.

of the limitations statute." *Id.* at 524 (¶7). National also argued that Valsamakis waived his right to raise a statute of limitations defense because he waited four years to file his motion to vacate. *Id.* at (¶8). However, we held that Valsamakis's argument was not a mere "defense." *Id.* We held "that the judgment was void *ab initio* because the statute of limitations had run prior to National's writ of garnishment being issued." *Id.* We further stated that the judgment was wholly "unenforceable because it was not timely filed pursuant to [section] 15-1-45." *Id.*

¶13.   The holdings of *Magallanes* and *Valsamakis* are on-point and controlling in this case. Those cases establish that efforts to enroll or enforce a foreign judgment outside the limitations periods set by section 15-1-45 are void—indeed, according to *Valsamakis*, "void ab initio."[3] Those two cases further hold that if a judgment is void for that reason, then the passage of time does not bar a motion to set it aside as void. *Valsamakis*, 879 So. 2d at 524 (¶8); *Magallanes*, 802 So. 2d at 176-77 (¶11).

¶14.   This is consistent with Mississippi law in general regarding a motion to set aside a judgment as "void." Rule 60(b)(4) provides that a court may set aside a final judgment if "the judgment is void." M.R.C.P. 60(b)(4). The rule provides that such a "motion shall be made within a reasonable time." M.R.C.P. 60(b).[4] However, our Supreme Court has held

---

[3] Void ab initio means "null from the beginning." *Hood ex rel. State Tobacco Litig.*, 958 So. 2d 790, 815 (¶87) (Miss. 2007) (quoting *Black's Law Dictionary* 1411 (5th ed. 1979)).

[4] "The first three subsections of Rule 60(b) require that a motion to set aside a judgment be filed not later than six months after the judgment is entered, but subsection (4)

7

"that, essentially, there can be no time limitation for relief from a void judgment as 'no amount of time or delay may cure a void judgment.'" *O'Neal v. O'Neal*, 17 So. 3d 572, 575 (¶14) (Miss. 2009) (quoting *Kirk v. Pope*, 973 So. 2d 981, 988 (¶19) (Miss. 2007); *Overbey v. Murray*, 569 So. 2d 303, 306 (Miss. 1990)); *accord, e.g.*, *Ravenstein v. Ravenstein*, 167 So. 3d 210, 216-17 (¶12) (Miss. 2014) ("[T]here is no effective time limit for seeking relief from a void judgment under Rule 60(b)(4) . . . .").

¶15.    In this case, North Dallas enrolled the foreign judgment nearly ten years after it was entered in Texas—almost three years outside the limitations period set by section 15-1-45. As in *Magallanes* and *Valsamakis*, the judgment was unenforceable, and its enrollment in Mississippi was void because it was not timely filed under section 15-1-45. Mabry filed his Rule 60(b)(4) motion fourteen months after the judgment against him was enrolled. In the circuit court, Mabry did not dispute that he received notice of the enrollment. However, Mabry correctly argued that the enrollment of the judgment in Mississippi was "void." As in *Magallanes* and *Valsamakis*, Mabry was not barred from seeking relief from the void judgment. "[T]here can be no time limitation for relief from a void judgment as 'no amount of time or delay may cure a void judgment.'" *O'Neal*, 17 So. 3d at 575 (¶14) (quoting *Kirk*, 973 So. 2d at 988 (¶19); *Overbey*, 569 So. 2d at 306).

¶16.    In summary, the circuit court correctly held that the Texas judgment was

---

has no such time limit." *S & M Trucking LLC v. Rogers Oil Co. of Columbia*, 195 So. 3d 217, 221 (¶17) (Miss. Ct. App. 2016).

unenforceable and its enrollment in Mississippi was void. Therefore, the court properly ordered the circuit clerk to cancel the enrolled judgment.

¶17. **AFFIRMED**.

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**