# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-01740-COA

**DOROTHY LAVON COLEMAN**                                    **APPELLANT**

**v.**

**WGST, LLC, KEITH M. COLEMAN, FIDELITY**                   **APPELLEES**
**NATIONAL FINANCIAL, INC. D/B/A FIDELITY**
**NATIONAL FINANCIAL TITLE GROUP AND**
**MATTHEW WILSON**

DATE OF JUDGMENT:                12/04/2019
TRIAL JUDGE:                     HON. PERCY L. LYNCHARD JR.
COURT FROM WHICH APPEALED:       DESOTO COUNTY CHANCERY COURT
ATTORNEYS FOR APPELLANT:         JOHN THOMAS LAMAR III
                                 TAYLOR ALLISON HECK
ATTORNEYS FOR APPELLEES:         G. DEWEY HEMBREE III
                                 JAMES MARSHALL DIGMON
                                 FREDERICK NATALE SALVO III
                                 MATTHEW DANIEL WILSON
                                 JOSEPH LOTT WARREN
NATURE OF THE CASE:              CIVIL - REAL PROPERTY
DISPOSITION:                     AFFIRMED - 05/11/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

EN BANC.

GREENLEE, J., FOR THE COURT:

¶1.    Dorothy Lavon Coleman filed a complaint against her ex-husband, Keith Coleman; WGST LLC; Fidelity National Financial Inc.; attorneys Matthew Wilson and John Horne; and John Does 1-10, asserting numerous causes of action. The DeSoto County Chancery Court found that Dorothy's claims were time-barred by the applicable statutes of limitations and dismissed her complaint with prejudice. Finding no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On April 12, 2010, Keith and Dorothy were divorced pursuant to a final decree of divorce in Tennessee.  Subsequently, on July 19, 2012, Dorothy filed a "Motion and Notice to File and Enroll a Foreign Judgment" in the DeSoto County Chancery Court in Mississippi. On April 24, 2015, Keith conveyed real property in DeSoto County to WGST by warranty deed.  The deed was recorded on April 27, 2015.

¶3.     On July 9, 2019, Dorothy filed a complaint in the DeSoto County Chancery Court against Keith, WGST LLC, Fidelity National Financial Inc., Wilson, Horne, and John Does 1-10.  Dorothy alleged that she was a judgment creditor in the amount of $1,644,375 against Keith due to the final decree of divorce serving as a valid lien on the real property.  She requested that the court set aside the deed and issue a writ of execution, impose a constructive trust and/or equitable lien, and order that the defendants account for past rents. She also alleged the following causes of action: unjust enrichment, negligence, lack of consideration, civil conspiracy, breach of contract, tortious interference with contract, promissory estoppel, wantonness, and intentional and/or negligent infliction of emotional distress.  On the same day, Dorothy filed a "Motion and Notice to Renew Enrollment of Foreign Judgment."

¶4.     Subsequently, the defendants filed motions to dismiss on various grounds, including that Dorothy's claims were time-barred by the applicable statutes of limitations.  After a hearing, the chancery court granted the defendants' motions to dismiss.[1]  The chancellor

_____

[1] The court previously entered an agreed order of dismissal without prejudice as to Horne.

2

found that Dorothy's claims were barred by the applicable statutes of limitations and dismissed the complaint with prejudice. On appeal, Dorothy claims (1) the causes of action directly related to the real property (i.e., those seeking to enforce the foreign judgment) were not time-barred, and (2) the remaining causes of action were not time-barred.

## STANDARD OF REVIEW

¶5. "When considering a motion to dismiss, this Court's standard of review is de novo." *Dobbs v. City of Columbus*, 285 So. 3d 1219, 1222 (¶7) (Miss. Ct. App. 2019) (quoting *Scaggs v. GPCH-GP Inc.*, 931 So. 2d 1274, 1275 (¶6) (Miss. 2006)). "This Court will not disturb the findings of the [chancellor] unless they are manifestly wrong [or] clearly erroneous[,] or an erroneous legal standard was applied." *Id.* (quoting *Scaggs*, 931 So. 2d at 1275 (¶6)).

## DISCUSSION

### I. Whether Dorothy's causes of action seeking to enforce the foreign judgment were time-barred.

¶6. In her complaint, Dorothy asserted three claims seeking to enforce the foreign judgment. Specifically, she requested that the court (1) set aside the warranty deed and issue a writ of execution; (2) impose a constructive trust and/or equitable lien; and (3) order the defendants to account for past rents. Dorothy contends that the court erred by finding that these causes of action were time-barred.

¶7. Dorothy suggests that the claims were not time-barred because the applicable statute of limitations restarted when she enrolled the foreign judgment in Mississippi. However, in determining that Dorothy's claims were time-barred, the chancellor considered Mississippi

3

Code Annotated sections 11-7-303 (Rev. 2019) and 15-1-45 (Rev. 2019). Section 11-7-303, which pertains to filing foreign judgments states:

> A copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state or any rule promulgated and adopted by the Mississippi Supreme Court may be filed in the office of the clerk of the circuit court of any county in this state. Said clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court of any county in this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of a circuit court of any county in this state and may be enforced or satisfied in like manner, *subject to the provisions of Section 15-1-45.* Any foreign judgment for the purpose described in Section 85-3-52 shall not be a lien on any property in this state, real, personal or mixed, that is owned by a resident of this state, and shall not be enforced or satisfied against any such property.

Miss. Code Ann. § 11-7-303 (emphasis added). Section 15-1-45 states:

> All actions founded on any judgment or decree rendered by any court of record without this state shall be brought within seven years after the rendition of such judgment or decree, and not after. However, if the person against whom such judgment or decree was or shall be rendered, was, or shall be at the time of the institution of the action, a resident of the state, such action, founded on such judgment or decree, shall be commenced within three years next after the rendition thereof, and not after.

Miss. Code Ann. § 15-1-45.

¶8. The chancellor noted that section 11-7-303 is subject to the provisions of section 15-1-45, which plainly states that a cause of action must be brought within seven years of the rendition of the judgment or decree.

¶9. In reaching his decision, the chancellor also considered *National Enterprises Inc. v. Valsamakis*, 879 So. 2d 523 (Miss. Ct. App. 2004). In that case, National Enterprises obtained a judgment against Valsamakis in December 1994 in Tennessee. *N. Dallas Bank*

4

*& Trust Co. v. Mabry*, 271 So. 3d 629, 632 (¶11) (Miss. Ct. App. 2018) (citing *Valsamakis*, 879 So. 2d at 523 (¶1)). "Valsamakis was a Mississippi resident, so section 15-1-45's three-year statute of limitations applied to any action to enforce the judgment." *Id*. (citing *Valsamakis*, 879 So. 2d at 523 (¶3)). National Enterprises enrolled the foreign judgment in Mississippi in September 1995 but did not obtain a writ of garnishment against Valsamakis's employer until June 1999. *Id*. (citing *Valsamakis*, 879 So. 2d at 523 (¶¶1-2)). Subsequently, Valsamakis moved to vacate the garnishment. *Id*. (citing *Valsamakis*, 879 So. 2d at 523 (¶3)). The circuit court held "that National had requested a writ of garnishment more than three years after its judgment was rendered, the writ of garnishment was void *ab initio*, and all withheld funds should be returned to Valsamakis." *Valsamakis*, 879 So. 2d at 523 (¶3). This Court affirmed. *Id.* at 524 (¶9). Importantly, this Court noted that "[t]he enrollment and enforcement of foreign judgments in Mississippi is governed by statute. Mississippi Code Annotated [sections] 11-7-301 through 11-7-309 (Supp. 2003) establish the proper procedure for enrollment and enforcement of foreign judgments, as well as for any attack on the enrollment of foreign judgments." *Id*. at (¶5).

¶10.    The chancellor found that the foreign judgment in this case was rendered on April 12, 2010, and that Dorothy did not file her complaint until July 9, 2019. We agree with the chancellor's ruling that the claims seeking to enforce the foreign judgment were time-barred. On appeal, Dorothy argues that the chancellor's ruling conflicts with other Mississippi statutes and caselaw. We will briefly address her arguments.

¶11.    Dorothy argues that the chancellor's ruling conflicts with Mississippi Code Annotated

5

sections 15-1-43 (Rev. 2019) and 15-1-47 (Rev. 2019). However, these statutes, which pertain to the limitation periods applicable to domestic judgments, have no application to foreign judgments. Indeed, our supreme court has held that "[s]ection 15-1-45 governs the statute of limitations for foreign judgments." *Parker v. Livingston*, 817 So. 2d 554, 561 (¶23) (Miss. 2002).

¶12.    Next, Dorothy argues that the chancellor's ruling conflicts with Mississippi Code Annotated sections 15-1-21 (Rev. 2019). This section provides:

> When a mortgage or deed of trust shall be given on real or personal estate, or when a lien shall be given by law, to secure the payment of a sum of money specified in any writing, an action or suit or other proceedings shall not be brought or had upon such lien, mortgage, or deed of trust to recover the sum of money so secured except within the time that may be allowed for the commencement of an action at law upon the writing in which the sum of money secured by such lien, mortgage, or deed of trust may be specified. In all cases where the remedy at law to recover the debt shall be barred, the remedy in equity on the mortgage shall be barred.

Miss. Code Ann. § 15-1-21. Dorothy asserts that Tennessee's ten-year statute of limitations for enforcing judgments should apply pursuant to this section. However, the language of the statute does not support Dorothy's assertion. Furthermore, as discussed, section 15-1-45 governs the statute of limitations for foreign judgments in Mississippi. *Parker*, 817 So. 2d at 561 (¶23). This section states that the limitation period on actions founded on a foreign judgment is seven years.[2]

---

[2] In her reply brief, Dorothy suggests that Mississippi's ten-year statute of limitations related to actions to recover land applies. Fidelity filed a motion to strike asserting that Dorothy failed to raise the Mississippi statute of limitations before the chancery court or in her opening brief. In the alternative, Fidelity requested supplemental briefing on the issue. In an order, this Court held that if Dorothy had not in fact raised the issue, then the appropriate remedy would be to find that the issue was procedurally barred in the context

6

¶13. Dorothy also argues that the chancellor's ruling conflicts with Mississippi Code Annotated section 15-1-65 (Rev. 2019). This section provides:

> When a cause of action has accrued outside of this state, and by the laws of the place outside this state where such cause of action accrued, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state; provided, however, that where such a cause of action has accrued in favor of a resident of this state, this state's law on the period of limitation shall apply.

Miss. Code Ann. § 15-1-65. Dorothy asserts that because her divorce decree is still valid in Tennessee, her action can still be pursued in Mississippi. However, the language of the statute does not support this assertion either.

¶14. Next, Dorothy argues that the chancellor's ruling would render Mississippi Code Annotated section 11-7-305(3) (Rev. 2019) meaningless. This section provides: "No execution or other process for enforcement of a foreign judgment filed hereunder shall issue until twenty (20) days after the date the judgment is filed." Miss. Code Ann. § 11-7-305(3). In her brief, Dorothy provides the following hypothetical:

> [A] foreign judgment creditor enrolls her judgment here in Mississippi on the sixth year and three-hundred and sixty-fourth day. Per section 11-7-305(3)'s plain language, she cannot file a complaint based on that judgment for at least twenty days after that enrollment. Thus, under the chancellor's rationale here,

---

of an opinion on the merits. However, this Court granted Fidelity's request for supplemental briefing. In its supplemental brief, Fidelity suggested that, notwithstanding any procedural bar, Dorothy's claim was without merit because she had no possessory interest in the land. Fidelity cited *O'Neal* for the proposition that an action to recover land presumes that the plaintiff has some ownership or possessory interest in the land. *O'Neal Steel Inc. v. Millette*, 797 So. 2d 869, 872 (¶11) (Miss. 2001). After review, it appears that Dorothy asserted that Tennessee's ten-year statute of limitations for enforcing judgments should apply. However, it does not appear that she argued that Mississippi's ten-year statute of limitations to recover land should apply until she filed her reply brief. Accordingly, this issue is procedurally barred. *Hoffman v. Hoffman*, 270 So. 3d 1121, 1128 (¶32) (Miss. Ct. App. 2018).

7

she would be completely time barred, because she did not file her complaint within seven years of the foreign judgment.

However, the hypothetical foreign judgment creditor's claims would be tolled during the twenty-day period. Mississippi Code Annotated section 15-1-57 (Rev. 2019), which is in the same chapter as section 15-1-45, states that "[w]hen any person shall be prohibited by law . . . from commencing or prosecuting any action or remedy, the time during which such person shall be so prohibited, enjoined or restrained, shall not be computed as any part of the period of time limited by this chapter for the commencement of such action." Miss. Code Ann. § 15-1-57.

¶15. Finally, Dorothy argues that the chancellor's ruling conflicts with *Davis v. Davis*, 558 So. 2d 814 (Miss. 1990), and *O'Neal Steel Inc. v. Millette*, 797 So. 2d 869 (Miss. 2001). We disagree. In *O'Neal*, the ultimate issue concerned "the allegation of concealed fraud." *O'Neal*, 797 So. 2d at 874 (¶19). Therefore, the "catch-all" statute of limitations in Mississippi Code Annotated section 15-1-49 (Rev. 2019) applied, not the foreign judgment statute of limitations in section 15-1-45. *Id.* Additionally, in *Davis*, the judgment creditor initiated actions to enforce her enrolled foreign judgments within seven years of the judgments being rendered. *Davis*, 558 So. 2d at 818. These decisions do not conflict with the chancellor's ruling in this case that in order to enforce a foreign judgment, claims must be asserted within seven years of the judgment being rendered.

¶16. After review, we agree with the chancellor's ruling that the causes of action seeking to enforce the foreign judgment were barred by the statute of limitations. Enrolling a foreign judgment does not reset the applicable statute of limitations period, and to hold otherwise

8

would allow foreign judgments more time for enforcement than judgments rendered within the State of Mississippi. It would also contravene the plain terms of sections 11-7-303 and 15-1-45. Because Dorothy did not file her claims until more than seven years after the foreign judgment was rendered, they were barred by the applicable statute of limitations. This issue is without merit.

**II.      Whether Dorothy's remaining causes of action were time-barred.**

¶17.    Dorothy claims that the court erred by finding that her remaining causes of action were time-barred. Dorothy does not assert that the chancellor applied incorrect statutes of limitations to her remaining claims. Rather, she suggests that the chancellor erred by finding that the statute of limitations began to run on April 27, 2015.

¶18.    "The general rule is that statutes of limitation begin to run as soon as there is a cause of action." *O'Neal*, 797 So. 2d at 875 (¶20) (citing *Aultman v. Kelly*, 236 Miss. 1, 5, 109 So. 2d 344, 346 (1959)). Dorothy argues that her remaining causes of action did not exist until she was damaged by having to hire counsel in October 2018. However, as noted by the chancellor, the causes of action stem from the real estate transaction, and "no facts are alleged in the . . . [c]omplaint to have taken place after [the warranty deed was recorded on] April 27, 2015." Accordingly, this issue is without merit.

### CONCLUSION

¶19.    Because Dorothy's claims were barred by the applicable statutes of limitations, we affirm the chancery court's judgment.

¶20.    **AFFIRMED.**

9

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WILSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**